UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 13-20271

Hon. Denise Page Hood

v.

LEON TRENTON-GERALD BINFORD,

    Defendant.
_____/

## ORDER DENYING MOTION FOR NEW TRIAL

### I.    BACKGROUND

This matter is before the Court on Defendant Leon Trenton-Gerald Binford's Motion for New Trial under Rule 33 of the Rules of Criminal Procedure. A response was filed by the Government.

On April 9, 2013, the grand jury indicted Defendant Leon Trenton-Gerald Binford on three counts: Felon in Possession of a Firearm, 18 U.S.C. § 922( g)(1) (Count One); Possession with Intent to Distribute Marijuana, 21 U.S.C. § 841(a)(1) (Count Two); Possessing a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c) (Count Three); and a forfeiture allegation as to firearm and ammunition. On January 17, 2014, the jury rendered a verdict of guilty on Counts One and Two and not guilty as to Count Three.

Binford argues that the Court abused its discretion in allowing the Government to add an expert witness during trial who was not on the Government's witness list prior to trial. The Government responds that Binford cannot meet his burden for a new trial because there was no prejudice to Binford in adding the expert witness during trial. The Government notes that Binford "concedes that there was adequate time, overnight, to prepare for the anticipated testimony of forensic chemist, Lindsay Booth[.]" (Motion, Doc. No. 67, Pg ID 669)

Rule 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When faced with a Rule 33 motion, unlike a motion for judgment of acquittal under Rule 29, the district court may weigh the evidence and assess the credibility of the witnesses; "[i]t has often been said that [the trial judge] sits as a thirteenth juror" when considering a Rule 33 motion. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998). A motion for new trial is premised on the argument that the jury's verdict was against the manifest weight of the evidence. *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Such motions are generally granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict. *Id.* at 592-93. In general, motions for a new trial are disfavored and should be granted with caution. *United States v. Seago*, 930 F.2d 482, 488 (6th

Cir.1991). A district court's decision to admit or exclude evidence is reviewed for abuse of discretion and, even if an abuse is found, a new trial is not required unless the defendant's substantial rights were affected by the admission or exclusion of the evidence. *See, United States v. Bonds,* 12 F.3d 540, 554 (6th Cir. 1993); Fed. R. Crim. P. 52(a).

On December 19, 2013, the Government submitted its trial witness list to the Court and to the defense, reserving the right to add witnesses as necessary. The trial began on January 13, 2014. Rachel Topacio, the forensic chemist listed by the Government prior to trial, testified at trial that she did not test Exhibit No. 23 (allegedly containing 11.2 grams of marijuana in baggies found in a pocket of blue jeans) and that she could not confirm without microscopic or chemical analysis that the material was in fact marijuana. The Government thereafter amended its witness list on January 15, 2014 to add Lindsay Booth from the Oakland County Crime Lab to testify that she performed a chemical analysis on the substance at issue and that her conclusion was that the substance was marijuana. The Government served the defense a copy of Booth's report and qualifications. On January 16, 2014, Binford sought to exclude Booth's testimony.

The Government claims that prior to trial, it did not anticipate that Binford would not stipulate to the fact that the rest of the substance was marijuana because the

largest quantity of the substance recovered had been tested and Binford had admitted he had marijuana in his apartment. The Government asserts that as soon it learned of Binford's trial strategy, the rest of the substance was tested. The Government claims it gave the defense the report as soon as the result was obtained. Oral arguments were held on the matter and the Court allowed Booth to testify on January 17, 2014, after the defense had the opportunity to review the report.

Reviewing the documents submitted by the parties, the Court finds that Binford has not carried his burden to show that the Court abused its discretion in allowing to testify at trial that the substance at issue was determined to be marijuana. Binford's right to review the report and to cross-examine the witness were not substantially affected. Binford admits in his motion that there was sufficient opportunity to review Booth's report prior to her testimony the next day. Binford does not contest to Booth's qualifications.

Accordingly,

IT IS ORDERED that Defendant's Motion for New Trial (**Doc. No. 67**) is DENIED.

                                        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated: May 2, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 2, 2014, by electronic and/or ordinary mail.

                 S/LaShawn R. Saulsberry
                 Case Manager